IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JORDAN RARICK, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| THE VAIL CORPORATION d/b/a VAIL RESORTS MANAGEMENT COMPANY. | |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff Jordan Rarick brings this action on behalf of himself and all others similarly situated against Defendant The Vail Corporation d/b/a Vail Resorts Management Company ("Vail Resorts Management" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. Defendant is the operator of more than 34 North American ski resorts throughout the United States. Defendant sells "Epic Passes" promising "unlimited, unrestricted skiing at [its] best resorts."[1] Defendant also promises that its passes are the "best way to ski … 7 days a week."[2] To visit Defendant's mountain resorts, consumers can purchase (1) annual passes for prices ranging from $319 to $979; (2) weekly passes from $391 to $766; (3); or day/multi-day

---

[1] https://www.vail.com/plan-your-trip/lift-access/passes/epic-pass.aspx (last accessed April 9, 2020).

[2] https://www.epicpass.com/passes/tahoe-local-pass.aspx (last accessed April 9, 2020).

passes from $67 to $766 (called "Epic Day Passes" or "fixed season passes"). For customers that buy Epic Day Passes, they have the option to buy passes in packages for "1 to 7 total days."

2. In March 2020, Defendant announced that it was closing all of its mountain resorts indefinitely. Subsequently, Defendant announced that its "North American resorts and retail stores will remain closed for the 2019-20 winter ski season."[3] Defendant has not fully compensated its customers for their lost mountain resort access. Rather, Defendant has offered credits ranging from 20 to 80% of the pass values to season and day passholders.[4] The credits currently offered are insufficient to remedy Plaintiff and class members' damages, as they are mere coupons that expire, if not used, by the start of the 2020-2021 season. Resultingly, Defendant has unjustly enriched itself by retaining passholder fees of hundreds of thousands of consumers – while denying passholders all access to all of Defendant's mountain resorts.

3. Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers nationwide that purchased annual passes for the 2019-2020 season or fixed season passes for the 2019-2020 season who, as of the closure of Defendant's resorts, had not used up all of the days remaining on their fixed season passes for breach of express warranties, negligent misrepresentation, unjust enrichment, money had and received, conversion, and breach of contract.

**PARTIES**

4. Plaintiff Jordan Rarick is a citizen of Colorado, residing in Buena Vista, Colorado. Mr. Rarick is an annual passholder for Vail Resorts. In August of 2019, Mr. Rarick purchased two annual Epic Local season passes for $699 per pass, which promised mountain

---

[3] https://www.snow.com/info/covid-19-update (last accessed April 10, 2020).

[4] https://www.epicpass.com/info/2019-2020-pass-holder-credit.aspx (last accessed May 13, 2020).

access for the 2019-2020 ski season.  In March 2020, however, Defendant notified passholders that it closed all 34 of its North American resorts.  Defendant has retained the full amount of his annual pass fee even though Plaintiff does not have access to any of Defendant's resorts.  Further, Defendant has not credited Plaintiff any part of his annual pass fee for March 25 through the present, when Defendant's resorts were closed (and continue to remain closed).  Plaintiff signed up for Defendant's annual pass with the understanding that he would be able to access Defendant's resorts for the 2019-2020 ski season.  Plaintiff would not have paid for the annual pass, or would not have paid for it on the same terms, had he known that he would not have access to any of Defendant's resorts.  Plaintiff continues to face imminent harm, as Defendant retains annual passholder's season pass fees while all of its resorts remain closed.

5. Defendant The Vail Corporation, is a Colorado corporation, with its principal place of business at 390 Interlocken Crescent, Broomfield, CO 80021.  Defendant is the operator of 34 ski resorts in North America, and touts itself as "the premier mountain resort company in the world."[5]  Defendant conducts substantial business throughout the United States, and specifically in the state of Colorado

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

7. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within Colorado such that Defendant has significant, continuous, and

---

[5] http://www.vailresorts.com/Corp/info/who-we-are.aspx (last accessed April 9, 2020).

pervasive contacts with the State of Colorado. Defendant is registered to do business in the State of Colorado.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff Rarick's claims took place within this District.

## CLASS ACTION ALLEGATIONS

9.      Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all of Defendant's customers nationwide that purchased annual passes[6] for the 2019-2020 season or fixed season passes[7] for the 2019-2020 season who had not used up all of the days remaining on their fixed season passes.

---

[6] Annual passes, as referred to in this complaint, refers to all Vail passes that are not limited to a fixed number of days during the season, including, but not limited to, the following passes: the Epic Pass, Epic Local, Epic Military Pass, Summit Value Pass, Keystone Plus Pass, Tahoe Local Pass, Tahoe Value Pass, Kirkwood Pass, Okemo/Mount Sunapee Pass, Okemo/Mount Sunapee Midweek Pass, Northeast College Pass, Whistler Blackcomb Unlimited Pass, Explorer, Explorer Youth, Drifter, Ranger, Traveler, Scout, Park City You Pass, Stevens Pass Premium Pass, Stevens Pass Select Pass, Adaptive Full Pass, Adaptive Tahoe Pass, Adaptive Urban Pass, Afton Alps College Night Pass, Afton Alps Family Pass, Afton Alps Friends Pass, Afton Alps Pass, Afton Alps Race Pass, Beave Creek Bachelor Gulch Club Pass, Beaver Creek Charter Club Member Pass, Beaver Creek Charter Club Non-Member Pass, Beaver Creek Gold Club Member Pass, Beaver Creek Gold Club Non-Member Pass, Crested Butte Choice Pass, Crested Butte Peak Pass, Eagle/Lake County School Employee Pass, Eagle/Summit/Lake County School Employee Pass, Liberty Pass, Merchant Epic Local Pass, Merchant Epic Pass, Merchant Pass Tahoe, Mt. Brighton College Night Pass, Mt. Brighton Family Pass, Mt. Brighton Pass, Senior Keystone/Breck 65+ Pass, Stevens Pass Other School Employee Pass, Stevens Pass Seasonal Program Pass, Summit/Lake County School Employee Pass, Tahoe Foundation Pass, Tahoe Gondola Pass, Whistler Blackcomb Gap Pass, Whistler Blackcomb Parent Pass, Whistler Blackcomb Sea to Sky Pass, Whistler Spirit Pass, Whistler Blackcomb Student Pass, Wilmot Family Pass, and Wilmot Pass.

[7] "Fixed season passes," as referred to in this complaint, refers to all Vail 2019/2020 passes that give the holder a fixed number of days to use the pass each season, usually ranging from 1 to 10 days, which are not required to be used on specific dates, including, but not limited to, the following passes: Epic Day Pass, Keystone Crested Butte 4 Pack, Whistler Blackcomb Edge Card 10 Day, Whistler Blackcomb Edge Card 5 Day, Whistler Edge Card 2 Day, Park City 4 Pack, Stevens Pass Powder Pack 4 Day, Stevens Pass Powder Pack 4 Night, Stevens Pass Powder Pack 6 Day, Stevens Pass Powder Pack 6 Night, 3x3 Pack, Adaptive 5 Day Pass, Adaptive Tahoe 5 Day, Adaptive Urban 5 Day Pass, Albany and Boston Ski Show 4 Pack, Attitash/Wildcat Cyber 4 Pack, Crotched Cyber 4 Pack, Mount Snow Cyber 4 Pack, Senior 70+ 10 Day Pass.

10.     Plaintiff also seek to represent a subclass defined as all members of the Class who purchased the relevant passes in Colorado (the "Colorado Subclass").

11.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

12.     Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

13.     Plaintiff is a member of the Class and Colorado Subclass he seeks to represent.

14.     Defendant has hundreds of thousands of customers nationwide that purchased resort passes that cannot be used.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

15.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant has breached its contract with its customers and whether its actions are fraudulent and unlawful.

16.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading advertising and was charged

for his resort pass promising mountain access for the 2019-2020 ski season, despite being barred from entry into Defendant's resort properties and suffered losses as a result.

17. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

18. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## Breach of Express Warranty

19. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

20. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed Colorado Subclass against Defendant.

21. In connection with the sale of passes, Defendant issues an express warranty that customers would have unlimited access to its mountain resorts, or for the fixed season passes, that they would have access to Defendant's mountain resorts for a specified number of days.

22. Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

23. Defendant breached its express warranty because Defendant does not provide unlimited access to its mountain resorts, and, for the fixed season passes, does not provide access to resorts even for customers who still have unused fixed season passes left for the 2019-2020 season. In fact, Defendant has retained the full amount of its pass fees while 100 percent of its mountain resorts are closed.

24. Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## COUNT II
### Negligent Misrepresentation

25. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

26. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed Colorado Subclass against Defendant.

27. As discussed above, Defendant misrepresented that customers would have unlimited access to its mountain resorts, or, for the fixed season passes, that they would have access to Defendant's mountain resorts for a specified number of days. However, Defendant in fact retains the full price for passes, even when 100 percent of its mountain resorts are closed to the public.

28. Defendant negligently misrepresented and/or negligently omitted material facts about its passes and services.

29. The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendant's passes.

30. Plaintiff and Class members would not have purchased Defendant's passes, or would not have purchased the services on the same terms, if the true facts had been known.

31. The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT III
### Unjust Enrichment

32. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

33. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed Colorado Subclass against Defendant.

34. Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, pass fees while 100 percent of Defendant's mountain resorts were and remain closed.

35. Defendant has knowledge of such benefits.

36. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' pass fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendant is retaining its customers full pass fees while 100 percent of its mountain resorts remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's pass fees had the true facts been known.

37. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT IV
### Money Had and Received

38. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

39. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed Colorado Subclass against Defendant.

40. Defendant received money in the form of pass fees that was intended to be used for the benefit of Plaintiff and the Class, those pass fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and pass fees to Plaintiff and the Class.

41. Defendant obtained money in the form of pass fees that was intended to be used to provide unlimited mountain resort access to Plaintiff and the Class, or, for the fixed season passes, that was intended to provide customers with access to Defendant's mountain resorts for a specified number of days. However, Defendant has retained all of the pass fees while 100 percent of its mountain resorts were and remain closed.

## COUNT V
**Conversion**

42. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed Colorado Subclass against Defendant.

44. Plaintiff and members of the Class had a right to retain their pass fees while all of Defendant's mountain resorts were and remain closed; Defendant intentionally retained full amount of the Plaintiff's and Class members' pass fees while Defendant's mountain resorts were closed; Plaintiff and Class members did not consent to Defendant's retaining such fees while Defendant's mountain resorts are closed; Plaintiff and Class members were harmed through

Defendant's retention of their pass fees; Defendant's conduct was a substantial factor in causing Plaintiff and Class members' harm.

## COUNT VI
## Breach of Contract

45. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant. Plaintiff also brings this claim individually and on behalf of the members of the proposed Colorado Subclass against Defendant.

47. Defendant entered into contracts with Plaintiff and Class members to provide access to its mountain resorts in exchange for the payment of pass fees. Defendant has breached these contracts by retaining and Class members' full pass fees while 100 percent of its mountain remain closed. Plaintiff and Class members have suffered an injury through the payment of pass fees while not having access to Defendant's mountain resorts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b) For an order certifying the Colorado Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Colorado Subclass and Plaintiff's attorneys as Class Counsel to represent the Colorado Subclass members;

c) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the Colorado Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: May 13, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:   */s/ Yeremey Krivoshey*
　　　　Yeremey Krivoshey

Yeremey Krivoshey (CA #295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ykrivoshey@bursor.com

*Attorneys for Plaintiff*